UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| **Comcast of Massachusetts I, Inc.** ("Comcast") ) | Case No.: **04-10943-MLW** |
| ) | |
| Plaintiff, ) | **JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)** |
| ) | |
| vs. ) | |
| ) | |
| **Emily Terilli, et al** ) | |
| ) | |
| Defendant ) | |

Now come the Plaintiff, Comcast pursuant to Local Rule 16.1(D), do hereby submit the following Joint Statement to this Honorable Court.

### I.   PARTIES' CONFERENCE

Office of Counsel for the Plaintiff does hereby certify that it teleconferenced with the Defendants, Emily Terilli and James Terilli, on the issues required be discussed pursuant to this rule on December 13, 2004. The Defendants were informed of their obligations under the local rules. On the afternoon of December 13, 2004, Defendant, James Terilli, called the office of Plaintiff's Counsel indicating the Defendants would seek legal counsel. Plaintiff's Counsel has not received any further contact. Based upon these discussions, Counsel for the Plaintiff believes this represents the views of both parties, but the Defendants have not executed this document.

### II.   SETTLEMENT PROPOSAL

Pursuant to Local rule 16.1(c), Counsel for the Plaintiff does hereby certify that he

presented a Settlement Proposal accompanying the Joint Statement, to the Defendants. At this time, the Defendants are apparently not in a position to accept the Plaintiff's demand for settlement of the above matter.

### III.   MEDIATION

The Plaintiff agrees to submit this dispute to non-binding mediation before the Senior Judge or Magistrate or Panel Member pursuant to Local Rule 16.4(c)(4).  The Defendant, James Terilli, stated that the Defendants are not amenable to mediation.

### IV.   JOINT STATEMENT AS TO DISCOVERY/MOTIONS

The following represents the Agreement of the Parties and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order.

1. **First Phase** of Discovery, **Non-expert Depositions and Paper Discovery**, to be completed by March 31, 2005.

   The Parties propose that the first phase of discovery be for developing information needed for a realistic assessment of the case.  This can best be achieved through Non-expert depositions and written discovery.

   The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation.  The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions.

   The Parties propose that the written discovery shall include, but not limited to, interrogatories, requests for production, and requests for admissions.  Pursuant to Fed. R. Civ. P. 33, interrogatories shall be limited to 25 in number, including sub-parts.  Pursuant

to Fed. R. Civ. P. 34, each person shall have the opportunity to submit two sets of requests for production of documents and things to the other party.

2. **Second Phase** of Discovery, **Expert Discovery**, to be completed by July 31, 2005.

    a. The Parties propose that the second phase of discovery is expert discovery. To that end, the parties propose that the Plaintiff shall disclose to the Defendants all experts relied upon by said Plaintiff in its instant case no later than May 1, 2005. The Defendants shall disclose to the Plaintiff all experts relied upon by the Defendant no later June 1, 2005.

    b. The parties shall then have the right to conduct written expert discovery; this written discovery is in addition to the written discovery conducted in phase one. Written expert discovery shall be served by the close of business July 1, 2005. The interrogatories of experts shall be no longer than fifteen questions, including sub-parts. Each party shall be entitled to one set of request for production of documents concerning the designated experts. Expert discovery is still subject to the usual obligations and privileges.

    c. The parties shall schedule all expert depositions to be held no later than July 17, 2005.

    d. During the second phase of discovery, which is presumably for expert discovery, each party shall also have the right to at least four (4) additional hours of non-expert depositions. These depositions will be in addition to depositions referenced in earlier phases of discovery.

3. **Motions**

    a. With respect to motions, the parties submit that any motions filed under Fed. R.

Civ. P. 12, 13, 14, and 15 shall be filed no later than September 30, 2005 (taking into account that the second and presumably the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy). Furthermore, motions pursuant to Fed. R. Civ. P. 56 shall be filed no later than October 14, 2005 (again taking into account that the final phase of discovery may be extended if there is a party added or if there had been time added due to a discovery controversy).

### V. CERTIFICATION

The Plaintiff and Counsel for the Plaintiff certify by their signatures below and all pursuant to Local Rue 16.1(D) that each Party and said Parties Counsel have conferred as to:

1. Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and,

2. To consider the resolution of litigation to the use of alternative dispute resolution programs.

### VI. CONSENT TO APPEAR BEFORE A MAGISTRATE

The Plaintiff and Defendants are amenable to Trial before a Magistrate.

Respectfully Submitted for the Plaintiff,
By Its Attorney,

___12/16/04_____
Date

/s/ John M. McLaughlin_____
John M. McLaughlin
**GREEN, MILES, LIPTON & FITZ-GIBBON**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
Telephone: (413) 586-0865
BBO No. 556328

_____     _____
Date                                Deena Jarosz, Settlement and Collections Manager